IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WATFORD INSURANCE COMPANY,<br>  Plaintiff,<br><br>vs.<br><br>THE MICHELS LAW FIRM and JOE MICHELS<br>  Defendants. | §<br>§<br>§<br>§<br>§ CIVIL ACTION NO. _____<br>§<br>§<br>§ |

**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Watford Insurance Company ("Watford") files this lawsuit pursuant to the Federal Declaratory Judgment Act found at 28 U.S.C. Section 2201 and the Texas Declaratory Judgment Act found at Texas Civil Practices and Remedies Code Section 37.001, *et seq.*, for a declaration regarding Watford's duties under Lawyers Professional Liability Policy number W00PB03408-01 issued to The Michels Law Firm ("Law Firm") and Joe Michels ("Michels"). Watford respectfully shows as follows:

**I.
PARTIES, JURISDICTION AND VENUE**

1.1  Plaintiff Watford Insurance Company is a New Jersey company with its principal place of business in New Jersey.

1.2  Defendant The Michels Law Firm is a professional limited liability corporation authorized to and doing business in the state of Texas with its principal place of business at 250 Ed English Drive, Building 3, Suite A, The Woodlands, Texas, 77385. It may be served with process via its registered agent for service, Joe Michels, at 250 Ed English Drive, Building 3, Suite A, The Woodlands, Texas, 77385, or wherever he may be found.

1.3     Defendant Joe Michels is an individual residing in Montgomery County, Texas, who may be served with process at 250 Ed English Drive, Building 3, Suite A, The Woodlands, Texas, 77385, or wherever he may be found.

1.4     This declaratory judgment action is brought under 28 U.S.C. Section 2201 and Rule 57 of the Federal Rules of Civil Procedure.  The jurisdiction of this Court is based upon the diversity of plaintiff from the defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Because the parties to this lawsuit are citizens of different states and the amount in controversy exceeds $75,000, this Court has jurisdiction over this lawsuit under 28 U.S.C. Section 1332.

1.5     Venue is proper in this Court pursuant to 28 U.S.C. Section 1391 because the underlying events and arbitration occurred within the counties comprising the Houston Division, and the action giving rise to this coverage dispute are pending in Cause No. 21-21260-H2-7; *In Re: Todd Youngblood, MD; Debtors Todd J. Youngblood, MD v. David P. Ellent, PLLC d/b/a Genesis Medical Group and David P. Ellent*, which is currently pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

## II.
### NATURE OF THE CASE

2.1     This is a declaratory judgment action filed by Watford to determine its rights and obligations under Lawyers Professional Liability Policy number W00PB03408-01 issued by Watford to the named insured The Michels Law Firm ("Law Firm"), effective September 1, 2021 through September 21, 2022. The Policy has a $2 million limit per each claim, subject to a $2 million general aggregate limit and a $5,000 deductible per each claim. A true and correct copy of the Policy is attached hereto as **Exhibit A** and is incorporated by reference herein as if set forth in full.

2.2 On or about June 14-17, 2021, Michels and his Law Firm represented Todd Youngblood, MD ("Youngblood") and his co-defendants in the arbitration proceedings in Case No. 01-20-0014-3577; *David P. Ellent, PLLC d/b/a Genesis Medical Group v. Woodlands Diagnostic Clinic, PA; Maria Charron, MD; Stephen Fillman, MD; William Fridley, MD; Patrick Ogidan, MD; Sharon Ogidan, MD; Todd Youngblood, MD; WDC Holdco, PA (f/k/a Northwest Diagnostic Clinic, PA); Jeffrey Renton; and Amie Sun-Wright, MD*; before the American Arbitration Association in Houston Texas (the "Underlying Suit").[1]

2.3 Over a month after the arbitration proceedings in the Underlying Suit concluded, Michels submitted an Application for Lawyers Professional Liability Insurance requesting an increase in coverage from $100,000 to $1 million (the "Application"). In his Application, Michels answered "No" to the question of "are any attorneys in your firm aware: ... of any legal work or incidents that might be expected to lead to a claims or suit against them?" A true and correct copy of the Application is attached as **Exhibit B** to this Complaint and is incorporated by reference herein as if set forth in full.

2.4 On or about July 23, 2021, the arbitrator in the Underlying Suit closed the proceedings and subsequently issued a Final Award on August 23, 2021.

2.5 In the arbitrator's Final Award, judgment was entered against Youngblood and Michels' other clients in an aggregate amount of $1,525,398.78, as well as joint and several liability for attorneys' fees and cost of arbitration totaling $303,324.38. Judgment was additionally entered as to the liability of each of his clients individually. A true and correct copy

---

[1] The arbitration award was further ratified and entered in Cause No. 20-08-09746; *Todd Youngblood, MD; William Fridley, MD; Patrick Ogidan, MD; Stephan Fillman, MD; Mariah Charron, MD; and Sharon Ogidan, MD v. David P. Ellent, PLLC; Woodlands Diagnostic Clinic, PA; and Jeffrey Renton*; In the 284th Judicial District Court of Montgomery County, Texas.

of the Final Award is attached as **Exhibit C** to this Complaint and is incorporated by reference herein as if set forth in full.

2.6    Shortly after the arbitration proceedings, Michels advised Youngblood and the other defendants in the Underlying Suit that he carried professional liability insurance and that they should consider making a claim against him.

2.7    On August 25, 2021, or two days after the Final Award was issued, Michels requested and accepted from Watford an additional increase in coverage for a total of $2 million under the Policy. In a letter dated August 25, 2021, Michels, on behalf of his Law Firm, submitted a warranty letter (the "Warranty Letter") pursuant to the Policy's requirements that stated the following:

> I am not aware of any claims, potential claims, disciplinary matters, investigations, or circumstances that may give rise to a claim. I/we have specifically asked all lawyers and employees if they have any knowledge of any claim, potential claim, disciplinary matter, investigation or circumstance that may give rise to a claim that is not listed in our application dated 8/25/2021. All lawyers and employees have answered no. This will also certify that to the best of my knowledge the information given on the application is unchanged since it was completed 8/25/2021. I declare the above statements to be true. The signatory below is acting on behalf of all insureds. I understand and agree that this letter is a part of our policy application and becomes a part of the policy.

A true and correct copy of the Warranty Letter is attached as **Exhibit D** to this Complaint and is incorporated by reference herein as if set forth in full.

2.8    Watford relied upon the representations made by Michels in issuing the Policy.

2.9    Despite discussing with Youngblood and the other defendants that they should consider filing a legal malpractice claim, Michels never disclosed to Watford in either his application, his Warranty Letter, or in any follow-up correspondence anything about the potential claim against him related to the Underlying Suit.

2.10   On or about October 21, 2021, Youngblood filed for bankruptcy protection in Cause No. 21-21260-H2-7; *In Re: Todd Youngblood, MD; Debtors Todd J. Youngblood, MD v.*

*David P. Ellent, PLLC d/b/a Genesis Medical Group and David P. Ellent*, which is currently pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

2.11    As a part of Youngblood's bankruptcy proceedings, the assigned Bankruptcy Trustee retained counsel to pursue damages against Michels and his Law Firm for alleged negligence in representing Youngblood in the Underlying Suit.

2.12    On or about January 28, 2022, Michels, on behalf of his Law Firm, filed a claim under the Policy based upon a settlement demand from the Bankruptcy Trustee's counsel related to the negligence claim on behalf of Youngblood for Michels' representation of Youngblood in the Underlying Suit (the "Youngblood Claim"). A true and correct copy of the Settlement Demand is attached as **Exhibit E** to this Complaint and is incorporated by reference herein as if set forth in full.

2.13    In an e-mail that Michels sent to claimant's counsel on February 7, 2022, Michels states that "[i]n the weeks after the judgment came in, I advised Dr. Youngblood and my other clients that I had coverage with a cap of $100,000" and that "[l]ater last year [2021], the policy came up for renewal and I increased coverage to a $2,000,000 limit per claim and a $2,000,000 aggregate limit."  A true and correct copy of this e-mail is attached as **Exhibit F** to this Complaint and is incorporated by reference herein as if set forth in full.

### III.
### COUNT I - DECLARATORY RELIEF

3.1    Watford incorporates for all purposes the allegations asserted in Paragraphs 1.1 through 2.13.

3.2    Watford first seeks a declaration that it has no duty to defend and/or indemnify the Law Firm and Michels under the Policy for the Youngblood Claim.

3.3     The Policy includes Exclusion B. for Prior Knowledge, which states the following:

This policy does not apply to:

\* \* \*

B.     Prior Knowledge. Any CLAIM arising out of any WRONGFUL ACT occurring prior to the effective date of this policy if:

1.     the matter had previously been reported to any insurance company; or,

2.     if the INSURED at or before the effective date of this policy knew or could have reasonably foreseen that such WRONGFUL ACT might be expected to be the basis of a CLAIM. However, this paragraph B.2 does not apply to any INSURED who had no knowledge of or could not have reasonably foreseen that any such WRONGFUL ACT might be expected to be the basis of a CLAIM.

3.     In no event will a CLAIM be covered under this policy if it is attributable to or arises out of a WRONGFUL ACT that occurred prior to this policy's RETROACTIVE DATE.

\* \* \*

3.4     Here, the proceedings in the Underlying Suit all occurred prior to the effective date of the Policy, and Michels advised Youngblood and the other defendants in the Underlying Suit that he carried professional liability insurance and they should consider making a claim against him.

3.5     Despite this, Michels never disclosed to Watford in either his Application, his Warranty Letter, or in any follow-up correspondence anything about this potential claim against him, which Michels could have reasonably foreseen prior to the effective date of the Policy.

3.6     Based upon Michels' own representations, Michels could have reasonably foreseen, prior to September 1, 2021, that his representation of Youngblood and the other defendants in the Underlying Suit might be expected to be the basis of the instant claims against him.

ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT - PAGE 6
4870-8430-8509, v. 1

3.7 The Prior Knowledge Exclusion would accordingly apply to fully preclude coverage under the Policy for this claim.

3.8 Because the Prior Knowledge Exclusion applies, all of the losses and damages alleged in the Youngblood Claim are excluded from coverage under the Policy. As such, Watford is entitled to a declaration that it has no obligation under the Policy to defend or indemnify Michels or his Law Firm in the Youngblood Claim.

## IV.
### COUNT II – RESCISSION

4.1 Watford incorporates for all purposes the allegations asserted in Paragraphs 1.1 through 3.8.

4.2 Watford is providing notice and returning all premiums to the insured contemporaneously with the filing of this lawsuit that the Policy was void based upon the misrepresentations of material facts made in the Application.

4.3 Based on the affirmative, material misrepresentations from Michels regarding his knowledge of the Underlying Suit, which misrepresentations were material to the risk and created the circumstances of the loss, Watford is entitled to rescind the Policy for all purposes to date of inception.

4.4 A bona fide dispute and controversy exists between the parties as to Watford's obligations under the Policy caused by Michels' allegedly negligent legal representation of Youngblood in the Underlying Suit, which is currently being pursued as a part of the Youngblood bankruptcy proceedings.

4.5 Under the Policy's Condition K, the application for the Policy attaches to and becomes a part of the Policy such that the insureds "represent that the statements and representations contained in the application for this policy are true and shall be deemed material to the acceptance of the risk or the hazard assumed by [Watford] under this Policy." This

Condition further states that the Policy "is issued in reliance upon the truth of such statements and representations" and that the insureds "agree that such statements and representations are material and if found to be untrue, this Policy shall be void."

4.6    In his Application, Michels misrepresented his answer to the question of "are any attorneys in your firm aware: ... of any legal work or incidents that might be expected to lead to a claims or suit against them?" Moreover, Michels re-asserted this misrepresentation in his Warranty Letter.

4.8    Michels was aware of or could have reasonably foreseen the Youngblood Claim arising from his representation of Youngblood and the other defendants prior to the inception of the Policy. As such, Michels materially misrepresented to Watford in his Application and Warranty Letter that he was not aware of any legal work or incidents that might be expected to lead to a claim or suit against him.

4.9    Upon Watford's information and belief, Michels made these statements and omissions regarding the existence of the Underlying Suit and the resulting potential claims with knowledge of their falsity and with the intent to deceive.

4.10   Had Watford received accurate and truthful information from Michels indicating the facts and potential claims arising from the Underlying Suit, Watford would not have written the Policy or would have excluded claims arising out of the Underlying Suit from Policy coverage.

4.11   Watford's claim for rescission is timely brought, as required under Section 705.005 of the Texas Insurance Code, because Watford first discovered or could have discovered the facts upon which the rescission is based on or about January 28, 2022.

4.12   Watford accordingly is entitled to a declaration that the Policy is rescinded because it was procured by misrepresentation such that any existing or future claim, including

the Youngblood Claim, is not covered under the Policy.  The Application required disclosure of any recent circumstance which may result in a claim or suit being made, and Michels did not disclose the Underlying Suit resulting in the Youngblood Claim.  Watford would not have issued the Policy at all or would not have issued the Policy in its current form if Michels had provided a truthful response.

## V.
### PRAYER

WHEREFORE PREMISES CONSIDERED, Watford seeks a declaration that it has no duty to defend and/or indemnify The Michels Law Firm or Joe Michels in the Youngblood Claim under Lawyers Professional Liability Policy number W00PB03408-01. Watford further seeks a declaration affirming that Lawyers Professional Liability Policy number W00PB03408-01is rescinded and void as of the date of inception such that Watford has no duty to defend and/or indemnify for any existing or potential future claim, including the Youngblood Claim, under Policy.

Watford additionally requests such other and further relief to which it may be entitled at law or in equity.

Respectfully submitted,

*/s/ Ellen Van Meir*
_____
Ellen Van Meir
State Bar No. 00794164
Southern District Bar No. 20363
evanmeir@nicolaidesllp.com

Nicholas K. Low
State Bar No. 24089050
Southern District Bar No. 3311309
nlow@nicolaidesllp.com

NICOLAIDES FINK THORPE
    MICHAELIDES & SULLIVAN, LLP
2501 North Harwood Street, Suite 1210
Dallas, TX 75201
(469) 290-9040
(469) 290-9041 – FAX

**COUNSEL FOR PLAINTIFF
WATFORD INSURANCE COMPANY**